IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CARLOS ANTONIO WILLIAMS,       )
                               )
          Petitioner,          )
                               )
     v.                        )   1:05CV446
                               )   1:02CR155-1
UNITED STATES OF AMERICA,      )
                               )
          Respondent.          )

## RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

Petitioner Carlos Antonio Williams, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to carry and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and to armed bank robbery in violation of 18 U.S.C. § 2113(d). (Docket nos. 38, 44 (criminal case)) The court sentenced him to 228 months. (Id. docket no. 68) Petitioner appealed but the Fourth Circuit affirmed the judgment. (Id. docket nos. 83, 84) The Supreme Court denied certiorari. (Id. docket no. 90)

Petitioner then filed this section 2255 motion. (Docket no. 1)[1] He raises four grounds for relief. (Id.) Respondent has responded to the motion. (Docket no. 5) The court advised petitioner of his right to file a reply brief, but he has not done so, and the time for filing has now expired. (Docket no. 6)

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

**DISCUSSION**

Petitioner first claims that his sentence was improperly enhanced based on facts found only by a judge and not a jury. He is relying upon United States v. Booker, __ U.S. __, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Petitioner's conviction became final when the Supreme Court denied certiorari on May 3, 2004. (Docket no. 90 (criminal case)) Booker was decided in 2005 and would, therefore, have to be applied retroactively to benefit petitioner. However, this cannot be done. See Booker, 125 S.Ct. 738 (decision to be applied only to cases not yet final when decision issued); see also Schriro v. Summerlin, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) (Ring and a fortiori Apprendi does not apply retroactively on habeas review). Accordingly, petitioner's first ground for relief should be dismissed.

Petitioner's second ground for relief is ineffective assistance of counsel. (Docket no. 1 at 6) He claims that counsel failed to object to the judge finding the facts to enhance his sentence and failed to object to errors in his presentence report. (Id.) In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas

petitioner must come forward with some evidence that the claim might have merit), cert. denied, 507 U.S. 923, 113 S.Ct. 1289, 122 L.Ed.2d 681 (1993), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). The petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice in the case of a guilty plea, petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

The court sentenced petitioner on May 27, 2003. (Docket entry of that date (criminal case)) Counsel notes in his affidavit that this was before either the Booker decision was announced or the preceding case of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). (Docket no. 5, ex. C) Under these circumstances, the court does not find that counsel performed unreasonably by not objecting to the finding of facts by the judge. Moreover, due to the state of the law at the time and up until petitioner's conviction became final in 2004, petitioner has failed to show that he was prejudiced by counsel's performance. This claim should therefore be dismissed. See Strickland, 466 U.S. 668.

Petitioner next claims that counsel performed unreasonably by failing to object to errors in his presentence report. (Docket no. 1 at 6) Petitioner does not identify any of these alleged errors. (Id.) This is therefore a conclusory and unsupported claim, and

-3-

should be dismissed on that basis.  See Nickerson, 971 F.2d at 1136.

Counsel responded to this claim by speculating, likely because of petitioner's final ground for relief, that petitioner was referring to the criminal history points he received for his juvenile adjudications and his conviction for misdemeanor carrying a concealed weapon.  (PSR ¶¶ 32-34, 36)  Counsel states that he researched these issues and found that the presentence report was not erroneous.  (Docket no. 5, ex. C)  The points were properly assessed on the juvenile adjudications.  See USSG § 4A1.2(d)(2).  Counsel confirmed with the appropriate Clerk of Court that the reported sentence for the concealed weapon conviction was correct.  (Docket no. 5, ex. C)  Accordingly, counsel performed reasonably by investigating these criminal history points.  Petitioner has also failed to establish any resulting prejudice.  Petitioner's second ground for relief should therefore be dismissed.  See Strickland, 466 U.S. 668.

In his third ground for relief, petitioner recounts the offenses he was charged with committing and states that he was put in double jeopardy as a result "because theyre [sic] the same and relate to the same crime, not crimes."  (Docket no. 1 at 8)[2]  A double jeopardy violation may occur by a second prosecution for the same offense after acquittal, by a second prosecution for the same

---

[2] Respondent believes that petitioner is also claiming a double jeopardy violation because he was charged in a superseding indictment.  If so, the claim is frivolous because a superseding indictment means it takes the place of the original indictment, not that a defendant faces two indictments with the same charges.

-4-

offense after conviction, or by multiple punishments for the same offense. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Petitioner was not prosecuted twice, therefore the first two interests are not implicated in this case. Petitioner also was not punished twice for the same offense. He pled guilty only to the section 924(c) offense related to car jacking and not to the section 924(c) offense related to the armed bank robbery. (Docket nos. 44, 38 (criminal case)) The car jacking occurred on August 21, 2000, and the bank robbery occurred on August 22, 2000. (Id. docket no. 38) These were therefore separate offenses that occurred on separate days.

Petitioner apparently believes he was put in jeopardy wrongfully by being indicted on related offenses such as the armed bank robbery and the use of a firearm during the robbery, but this is not the law even if the offenses were constitutionally the same. The Double Jeopardy Clause protects against multiple convictions and not multiple charges. United States v. Luskin, 926 F.2d 372, 378 (4th Cir. 1991). This ground for relief should therefore be dismissed.

The court notes that petitioner's judgment (docket no. 68 (criminal case)) mistakenly shows that petitioner pled guilty to carry and use of a firearm during bank robbery in the "nature of offense" section. It correctly identifies the count he pled guilty to, however, which was count three of his superseding indictment filed on August 27, 2002. Count three of that last superseding indictment is the section 924(c) offense related to the car

jacking. Count six is the section 924(c) offense related to the bank robbery. Petitioner's plea agreement correctly states that he is pleading guilty to count three. (Id. docket no. 44, ¶ 2) Accordingly, the court will sua sponte recommend that this clerical error in the judgment be corrected under Fed. R. Crim. P. 36.

Petitioner's final ground for relief is the claim that his presentence report contained errors. He refers to the points assessed based on his juvenile criminal record and the misdemeanor conviction for carrying a concealed weapon. (Docket no. 1 at 9-10) This is a non-constitutional claim that could have been raised on appeal but was not. No relief may be granted for such a claim in this collateral proceeding. See Stone v. Powell, 428 U.S. 465, 477 n.10, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); United States v. Emmanuel, 869 F.2d 795, 796 (4th Cir. 1989). Moreover, as the previous discussion for petitioner's second ground for relief shows, there was no error in the assessment of these criminal history points.

**IT IS THEREFORE RECOMMENDED** that petitioner's motion to vacate, set aside or correct sentence (docket no. 1) be **DENIED** and that Judgment be entered dismissing this action.

**IT IS FURTHER RECOMMENDED** that petitioner's judgment entered on June 3, 2003 (docket no. 68 (criminal case)) be corrected to reflect the "nature of offense" for the 18 U.S.C. § 924(c) offense as "Carried and used firearm during carjacking."

_____
**United States Magistrate Judge**

October 21, 2005